# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4536 | **DATE** | 9/4/2008 |
| **CASE TITLE** | Alann Vega (#R-04203) vs. Terry McCann, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $12.89 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The plaintiff's disciplinary challenge is dismissed on initial review pursuant to 28 U.S.C. § 1915A. The plaintiff may proceed only against defendants Terry McCann, Lt. Buzinski, and Lt. Vaughn, and only on his claim that the conditions of his confinement in the segregation unit violated the Eighth Amendment. The clerk is directed to: (1) issue summonses for service on defendants McCann, Buzinski, and Vaughn by the U.S. Marshal; (2) terminate all other defendants; (3) send a copy of this order to the trust fund officer at the Stateville Correctional Center; and (4) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ **[For further details see text below.]**      Docketing to mail notices.

## STATEMENT

    The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials at the Stateville Correctional Center, violated the plaintiff's constitutional rights by subjecting him to a faulty urinalysis drug analysis, resulting in a false positive (and ensuing disciplinary conviction) for marijuana in his system.

    The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $12.89. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn:
**(CONTINUED)**

mjm

**STATEMENT (continued)**

Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, even accepting the plaintiff's allegations as true, the court finds that the plaintiff has no viable cause of action under the Civil Rights Act with respect to the disciplinary proceedings against him. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This holding has been extended to judgments in prison disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 644-45 (1997). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. In the case at bar, a finding that the drug test was faulty would necessarily call into question the validity of the plaintiff's disciplinary conviction. Accordingly, the plaintiff must file a petition for a writ of habeas corpus (after exhausting state court remedies) if he seeks federal review of the disciplinary conviction. *See Edwards*, 520 U.S. at 648; 28 U.S.C. § 2254.

Nevertheless, the plaintiff will be permitted to proceed against defendants Terry McCann, Lt. Buzinski, and Lt. Vaughn, all of whom allegedly subjected the plaintiff to cruel and unusual conditions of confinement while he was housed in the segregation unit. [Although the documents attached to the complaint do not reflect that the plaintiff filed a grievance concerning the living conditions in the segregation unit, "[f]ailure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Thus, defendants McCann, Buzinski, and Vaughn must respond to the complaint.

The clerk shall issue summonses forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve defendants McCann, Buzinski, and Vaughn. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once

**(CONTINUED)**

**STATEMENT (continued)**

an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

DATED:  9/4/2008                                    ENTER:


                                                                /s/David H. Coar
                                                                David H. Coar, U.S. District Judge