IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALANN VEGA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 08 C 4536 |
| | ) | |
| TERRY McCANN, et al., | ) | Honorable David H. Coar |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court it a motion to dismiss filed by Defendants Roger Walker, Sherry Benton, Terry McCann, James Burzinski, Alsheena Vaughn, Darryl L. Johnson, Darryl Edwards, Anna Dockery, Ami Workman, Othello L. Hamilton, and Ed Butkiewicz. For the reasons stated below, the motion is GRANTED.

I.   **Background**

Vega is serving a 35-year sentence at Stateville Correctional Center. Vega initially filed a *pro se* complaint, alleging violations of his constitutional due process rights when he was subjected to a faulty drug test, denied a second test, and deprived of a meaningful review of his grievance. The false positive results allegedly resulted in six months of segregation and a

1

revocation of six months of good time credits, among other disciplinary actions. Vega further alleged that he was subjected to cruel and unusual punishment due to the unsanitary conditions of his disciplinary segregation.

On September 4, 2008, the Court dismissed Vega's due process claim pursuant to 28 U.S.C. § 1915A, finding it barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This Court ruled that Vega could only proceed on an Eighth Amendment claim arising from the conditions of his confinement and segregation, and that such a claim could only be brought on Defendants McCann, Buzinksi, and Vaughn.

Vega filed a *pro se* motion objecting to the dismissal of the other defendants. On October 3, 2008, this Court denied Vega's motion, holding "the plaintiff has no constitutional cause of action regarding the drug testing that resulted in his placement in the segregation unit." [Dkt. 12.]

On May 19, 2009, Vega, now represented by appointed counsel, filed an amended complaint alleging a conditions-of-confinement claim (Count II). The amended complaint also reintroduces two due process counts (Counts I and III). Count I seeks damages for unwarranted disciplinary actions and Count III seeks injunctive relief, to prevent future punishments based on invalid testing. On August 3, 2009, Defendants filed the instant motion to dismiss Counts I and III, as well as Vega's prayer for compensatory damages for emotional injury.

## II.     Standard of Review

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir.1996). To survive the motion, a complaint need only describe the claim in sufficient

detail to give the defendant fair notice of the claim and its basis. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). A plaintiff's factual allegations must suggest a plausible, rather than merely speculative, entitlement to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic*, 550 U.S. at 555. In ruling on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

### III. Analysis

#### A. Count I

In Count I, Vega alleges that inadequate disciplinary procedures based on the results of an invalid drug test deprived him of a constitutionally protected liberty interest. He seeks compensatory and punitive damages for his injuries.

In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Supreme Court held that a state prisoner seeking restoration of good time credits lost in disciplinary actions could not bring his claim under § 1983. The Court explained that federal habeas is the exclusive federal remedy for challenges to the "fact or duration" of an inmate's physical imprisonment. *Id.* at 489. The Supreme Court later elaborated upon this principle in *Heck v. Humphrey*, which teaches that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487.

3

Vega contests that he is not challenging the "fact or duration" of his sentence. Rather, he only seeks "compensation for injuries suffered and future protection from similar inadequate conditions of confinement." (Pl. Resp. at 2-4.) The Supreme Court considered a similarly styled complaint in *Edwards v. Balisok*, 520 U.S. 641. Balisok brought a § 1983 claim alleging due process violations for procedures used in a disciplinary hearing that resulted in a revocation of good time credits. *Id.* at 643. Like Vega, Balisok sought damages for the use of unconstitutional procedures, as well as an injunction to prevent future violations. *Id.* Balisok also strategically refrained from requesting restoration of lost good-time credits, so as not to run afoul of *Preiser*. *Id.* at 643-44.

The Supreme Court held that, regardless of the specific relief sought by Balisok, his claim "necessarily implied" the invalidity of a deprivation of good-time credits because a finding of procedural defect would compel the reinstatement of those credits. *See id.* at 646-47. In accordance with the principles of *Heck* and *Preiser*, Balisok's claims for declaratory relief and money damages were not cognizable under § 1983. *See id.*

Vega asserts that the correctional center's disciplinary procedures, which allegedly authorized punishment based on false positive results of a single unconfirmed drug test, violated due process. If the Court were to find these procedures unconstitutional, its judgment would invalidate, among other disciplinary actions, the revocation of Vega's good time credits, and thus the length of his sentence. *See Easter v. Saffle*, 51 Fed.Appx. 286, 289 (10th Cir. 2002) (holding that a prisoner's challenge to disciplinary proceedings following a positive drug test necessarily implicates the correctness of the revocation of good time credits); *Clayton-El v. Fisher,* 96 F.3d 236, 242-45 (7th Cir. 1996) (in a § 1983 due process claim seeking damages for placement in segregation, court must consider whether the punishment would have occurred absent alleged

4

procedural irregularities; such a finding necessarily implicates result of disciplinary hearing that included loss of good time).

Because Vega's claim for damages necessarily implicates the duration of his imprisonment, he cannot proceed under § 1983 until he has shown that his disciplinary sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 487; *see also Johnson v. Lappin*, 264 Fed.Appx 520, 522-23 (7th Cir. 2008) (citing *Muhammad v. Close,* 540 U.S. 749, 755 (2004); *Edwards,* 520 U.S. at 649).

### B. Count III

In Count III, Vega seeks an injunction preventing Defendants from punishing inmates on the basis of a single, unconfirmed drug test.

The *Edwards* Court acknowledged that a prisoner may properly bring a prayer for injunctive relief under § 1983 if it does not "necessarily imply" the invalidity of a previous loss of good time credits. *Edwards*, 520 U.S. at 648 (holding that a request for an injunction requiring prison officials to date-stamp witness statements at the time they are received may properly be brought under § 1983). However, a favorable ruling on Vega's request for prospective relief would necessarily imply that disciplining inmates based on the results of a single drug test is unlawful.[1] Such a conclusion would invalidate the prior revocation of Vega's

---

[1] A disciplinary determination based on the results of a single drug test satisfies due process. *See Easter*, 51 Fed.Appx. at 289 ("A *single* urinalysis amounts to "some evidence" and thus satisfies due process."); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (due process does not require prison officials to provide second drug test by impartial laboratory); *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (due process does not require that prison officials grant an inmate's request for an additional drug test); *Peranzo v. Coughlin*, 850 F.2d 125, 126 (2d Cir. 1988) ("Though the risk of false positives has not been entirely eliminated, we agree . . . that use of the test

5

good time credits. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (requested declaration of unconstitutionality of disciplinary rule was so intertwined with request for damages and reinstatement of lost credits, the request necessarily implied the invalidity of prisoner's conviction); *Donate v. Taylor*, No. 01-C-0491-C, 2001 WL 34377564, at *4 (W.D. Wisc. Nov. 30, 2001) (barring prisoner from seeking injunction forcing defendants to conform with due process with regard to all Spanish-speaking prisoners, because imposition of the injunction would necessarily imply the invalidity of prisoner's disputed disciplinary action). Since the legal issues necessary to decide Count III would effectively determine the validity of Vega's punishment, Vega's request for injunctive relief cannot be maintained in a § 1983 action.

### C. Compensatory Damages for Count II

Defendants argue that Vega may not request compensatory damages for mental or emotional injury because the complaint contains no allegation of physical injury.

The Prisoner Litigation Reform Act precludes a claim by a prisoner for emotional injury in the absence of a physical injury. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Although Vega complains that the "filthy conditions created a substantial risk of serious harm to [his] health," he has not described any physical injuries arising from these conditions. Vega argues that, during the course of discovery, he will "examine and clarify" how the conditions of his confinement led to physical injury. (Pl. Resp. at 6.) But discovery cannot cure the defects of a complaint.

---

results may be relied upon as sufficient evidence to warrant prison discipline under the standards of *Superintendent v. Hill* . . . .") (citing 472 U.S. 445, 454-55 (1985)).

Having failed to plead a physical injury within the meaning of § 1997e(e), Vega may not recover damages for mental or emotional injuries. *See Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997) (no recovery of damages under § 1997e(e) where plaintiffs exposed to asbestos did not claim physical injury); *Robinson v. U.S.*, 80 Fed.Appx. 494, 498 (7th Cir. 2003) (permitting claim for punitive damages to proceed when expressly requested in complaint, but barring compensatory damages for mental and emotional injuries due to a failure to allege physical injury) (nonprecedential disposition); *Cf. Pearson v. Welborn*, 471 F.3d 732, 744-45 (7th Cir. 2006) (affirming trial court's decision to limit plaintiff's recovery to nominal damages, as opposed to compensatory damages for mental or emotional injury, in the absence of physical injury).

## IV.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Counts I and III of Vega's complaint are dismissed with prejudice. Vega's claims for relief based on mental and emotional injuries are likewise dismissed with prejudice.


Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **March 23, 2010**